UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
BOARD OF TRUSTEES OF 1199/SEIU GREATER  :
NEW YORK BENEFIT FUND and BOARD OF      :
TRUSTEES OF 1199/SEIU GREATER NEW YORK  :        20cv6936 (DLC)
EDUCATION FUND,                         :
                                        :
                    Plaintiffs,         :        OPINION AND ORDER
                                        :        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
              -v-                       :
                                        :
MANHATTANVIEW NURSING HOME a/k/a/        :
MANHATTAN VIEW CARE CENTER,             :
                                        :
                    Defendant.          :
                                        :
--------------------------------------- X

APPEARANCES:

For plaintiffs Board of Trustees of 1199/SEIU Greater New York
Benefit Fund and Board of Trustees of 1199/SEIU Greater New York
Education Fund:
Patricia McConnell
Levy Ratner, PC
80 8th Avenue, Ste 8th Floor
New York, NY 10011

For defendant Manhattanview Nursing Home a/k/a/ Manhattan View
Care Center:
David F. Jasinski
Jasinski, P.C.
2 Hance Avenue, 3rd Floor
Tinton Falls, NJ 07724

DENISE COTE, District Judge:

     The plaintiffs, the Board of Trustees of 1199/SEIU Greater

New York Benefit Fund ("Benefit Fund") and the Board of Trustees

of 1199/SEIU Greater New York Education Fund ("Education Fund,"

together, the "Funds"), filed this action on August 27, 2020,

alleging that Manhattanview Healthcare Center ("Manhattanview"), a nursing home in Union City, New Jersey, failed to pay contributions for the period October 1, 2015 through December 31, 2018 according to the terms of a series of collective bargaining agreements between 1199/SEIU United Healthcare Workers East and Manhattanview (the "CBA").  The Funds seek to compel Manhattanview to pay the outstanding contributions pursuant to § 515 of the Employment Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1145, and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a).

On June 30, 2021, Manhattanview moved pursuant to Rule 12(b)(1), Fed. R. Civ. P., to dismiss the complaint and compel arbitration on the ground that the CBA limits the Funds' remedy to arbitration.  The motion became fully submitted on August 13.[1] For the following reasons, the motion is denied.

## Background

The following facts are taken from the complaint and the documents upon which it relies.  This action arises from the alleged nonpayment of certain contractual obligations by an employer to two multi-employer employee-benefit trust funds.

---

[1] This action initially came before the Honorable Vernon Broderick.  It was reassigned to this Court on September 9, 2021.

The Funds provide medical and education benefits to the bargaining unit of employees represented by 1199/SEIU United Healthcare Workers East (the "Union").  Both Funds were created pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The trustees of each Fund (together, the "Trustees") are fiduciaries within the meaning of § 3(1)(A) of ERISA, 29 U.S.C. § 1002(37).

On October 12, 2004, the Union executed the CBA with Manhattanview, defined as the "Employer."[2]  With renewals, it was extended to June 30, 2020.  Pursuant to Articles XIX and XX of the CBA, Manhattanview agreed to make payments to the Union's benefit and training funds, respectively, for each eligible employee.

The CBA contains an arbitration clause that binds Manhattanview and the Union.  Article XI, § 4 of the CBA provides that

> [a]ll complaints, disputes or grievances whatsoever of whatever kind or nature <u>arising between the Union and the Employer</u> concerning any provision of the contract, or with respect to any other acts, conduct, relations, terms or conditions of employment of whatsoever nature or otherwise, between the parties, <u>directly or indirectly not resolved</u> through the grievance procedure shall be submitted for arbitration. (Emphasis added.)

---

[2] The parties note that one of the earlier CBAs was executed by the SEIU 1199 New Jersey Health Care Union instead of the 1199/SEIU United Healthcare Workers East.  They do not suggest that this fact has relevance to the issues addressed in this motion.

The section further states that "[t]he decision of the Arbitrator shall be final and binding upon the parties."

Section 4 delegates the question of the arbitrator's jurisdiction to the arbitrator: "The Arbitrator is empowered to determine his jurisdiction, all questions of arbitrability and to grant all appropriate remedies."  Section 5 further explains that "[t]he procedure for arbitration is the sole and exclusive remedy of the parties," and that "[t]he waiver of all other remedies and forums herein referred to shall apply to the Union, the Employer and employees covered by this Agreement."

The Trustees are not signatories to the CBA.  The Trustees are authorized through two Trust Agreements to recover delinquent contributions due under the CBA.  Each Trust Agreement empowers the Trustees to "compel and enforce payment of the Contributions in any manner which they may deem proper" and gives the Trustees "the right, in their own name as Trustees, to institute or intervene in any proceeding at law . . . for the purpose of effectuating collection of any sums due to them from any Employer under the provisions of the applicable Collective Bargaining Agreement."  The Benefit Fund Trust Agreement provides that "[b]y executing or complying with the terms of a Collective Bargaining Agreement, each Employer shall be deemed (without further action) to have reviewed, understood,

4

adopted and agreed to all provisions of this Trust Agreement and Plan . . . which documents shall be deemed to have been incorporated by reference into such Collective Bargaining Agreement."

Pursuant to the collection procedures authorized in the Trust Agreements, the Trustees audited Manhattanview's payroll records for the period October 11, 2015 through December 31, 2018. Based on this audit, the Trustees claim that Manhattanview owes the Benefit Fund the sum of $404,375.38 and the Education Fund the sum of $11,523.54 in unpaid contributions. The Trustees allege that, by failing to pay contributions owed to the Funds pursuant to its CBA with the Union, Manhattanview has violated the terms of the CBA, § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

## **Discussion**

Section 515 of ERISA covers delinquent contributions to plans made under "the terms of a collectively bargained agreement" and requires that

> [e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Section 301(a) of the LMRA provides that
"[s]uits for violation of contracts between an employer and a
labor organization . . . may be brought in any district court in
the United States having jurisdiction over the parties . . . ."
29 U.S.C. § 185(a).

Where there is a collective bargaining agreement between an
employer and a union representing employees and where that
agreement contains an arbitration clause, there is a presumption
of arbitrability that applies to any disputes arising between an
employer and a union.  Federal policy seeks to promote
industrial stabilization through collective bargaining
agreements, which themselves rely on arbitration to redress
grievances.  United Steelworkers of Am. v. Warrior & Gulf Nav.
Co., 363 U.S. 574, 578 (1960).  "Complete effectuation of the
federal policy is achieved when the agreement contains both an
arbitration provision for all unresolved grievances and an
absolute prohibition of strikes, the arbitration agreement being
the 'quid pro quo' for the agreement not to strike."  Id. at
578, n.4 (quoting Textile Workers v. Lincoln Mills, 353 U.S.
448, 455 (1957)).  "Such a presumption furthers the national
labor policy of peaceful resolution of labor disputes [between
employers and unions] and thus best accords with parties'
presumed objectives in pursuing collective bargaining."

Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364, 371–372 (1984) ("Schneider").

The presumption of arbitrability, however, "does not apply where a benefit fund (or its trustees) asserts its interests as third party beneficiary to the collective bargaining agreement." Dylan 140 LLC v. Figueroa as Tr. of Bldg. Serv. 32BJ Health Fund, 982 F.3d 851, 856 (2d Cir. 2020) (citation omitted). "Without the presumption of arbitrability, the Court is required to look to the CBA for evidence of intent on the part of the parties to require arbitration of disputes between the trustees and the employers." Id. (citation omitted).  Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit. See, e.g., United Steelworkers, 363 U.S. at 582.  Where neither the CBA nor trust agreements underlying a dispute indicate the parties' intent to require arbitration between trustees of multi-employer plans and the employer, trustees seeking to enforce trust provisions are not required to exhaust the arbitration provisions in a CBA before seeking judicial enforcement of the provisions.  Schneider, 466 U.S. at 376.

No provision or combination of provisions in the CBA indicates that the contracting parties contemplated that the Trustees of the Funds to which Manhattanview agreed to

contribute would also be bound by the grievance and arbitration procedure laid out in the CBA.  The language of § 4 and § 5 of Article XI is singularly focused on the binding effect of arbitration on the Union, the Employer, and employees alone.

Moreover, the Trust Agreements authorize the Trustees to proceed directly in district court to recover delinquent contributions.  As was true in Schneider, "[n]owhere in the trust agreements is the exercise of that authority expressly conditioned on the exhaustion of any contractual remedies" that might be found in the CBA between the Union and Manhattanview. 466 U.S. at 373.

Manhattanview presents two arguments in support of its position that the CBA's arbitration clause binds not just the parties to the CBA but also the Trustees.  First, it contends that Schneider does not control this case because the CBA here contains a delegation clause that strips courts of jurisdiction to determine arbitrability.  See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 530 (2019) (enforcing an agreement to delegate to arbitration whether the agreement to arbitrate covers the particular controversy).  This argument is unavailing.  Even when an arbitration agreement contains a delegation clause, it is the court that decides whether a third

party beneficiary to the contract will be bound by the arbitration clause.

Next, Manhattanview argues that as third party beneficiaries to the CBA, the Trustees are bound by the CBA's arbitration clause.  There are "five 'limited theories' where non-signatories may be bound by arbitration agreements entered into by others."  ABM Indus. Groups, LLC v. Int'l Union of Operating Engineers, Loc. 30, 30A, 30B, AFL-CIO, 968 F.3d 158, 162 (2d Cir. 2020) (citation omitted).  Of the five avenues -- "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel" -- only estoppel is potentially applicable to this case.  See Thomson-CSF, S.A. v. Am. Arb. Ass'n, 64 F.3d 773, 776 (2d Cir. 1995).  As explained above, the relevant governing documents do not bind the Trustees to arbitrate with Manhattanview.  Accordingly, the Funds cannot be estoped from disclaiming the existence of an arbitration agreement to which they never agreed.

Finally, Manhattanview describes its motion to dismiss as a question of subject matter jurisdiction.  The Court has subject matter jurisdiction over a dispute whenever the complaint "states a cause of action under federal law that is neither clearly immaterial and made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous."  Dylan 140

LLC, 982 F.3d at 855 (citation omitted).  Thus, a district court has federal question jurisdiction in an action "arising under, inter alia, Section 301 of the LMRA, 29 U.S.C. § 185," even when considering a motion to compel arbitration pursuant to a collective bargaining agreement.  Id.

## Conclusion

The defendant's motion to dismiss and to compel arbitration is denied.

Dated:      New York, New York
            October 22, 2021


                                    _____
                                       DENISE COTE
                              United States District Judge